■ XL Specialty Insurance Co., as Subrogee of Chowaiki & Co., Fine Art Ltd., Appellant, v Christie's Fine Art Storage Services, Inc., Respondent. [27 NYS3d 528]—

Order, Supreme Court, New York County (Saliann Scarpulla,

J.), entered September 24, 2014, which, to the extent appealed from, granted defendant's motion to dismiss the complaint, unanimously reversed, on the law, without costs, and the motion denied.

Plaintiff is the insurer for Chowaiki & Co. Fine Art Ltd., a private fine art gallery. In February 2011, Chowaiki entered into a one-year managed storage agreement with defendant, Christie's Fine Art Storage Services, Inc., wherein defendant was to provide secure storage for certain of Chowaiki's fine art works at its facility in the Red Hook section of Brooklyn.

Pursuant to the terms of the agreement, Chowaiki had the option to either (a) have defendant "accept liability for physical loss of, or damage to, the Goods," or to (b) "sign a loss/damage waiver," under which Chowaiki accepted that defendant "shall not be liable for any physical loss of, or damage to, the Goods." In the event Chowaiki opted to sign the waiver, it was required to "effect and maintain adequate insurance in respect of the Goods deposited." The agreement further provided for an additional limitation of liability, stating that "even if," despite the aforementioned language, defendant was found "liable for any loss of, or damage to, the Goods," liability was not to exceed the lower of $100,000 or the market value of the goods.

Chowaiki elected to sign the waiver, which provided that Chowaiki was responsible for obtaining an "against All Risks of loss or physical damage" insurance policy covering the goods deposited with defendant. This insurance was provided by plaintiff. The waiver also absolved defendant of all responsibility for loss or damage to Chowaiki's goods, and required Chowaiki to notify its insurer of the waiver and "arrange for them to waive any rights of subrogation" against defendant with respect to any loss or damage to Chowaiki's goods while in defendant's custody.

The agreement and waiver were renewed for a second year in February 2012. In October 2012, "Superstorm Sandy" struck the New York City metropolitan area, causing major damage throughout the region.

Prior to Sandy striking, defendant notified Chowaiki via email that "extra precautions" were being taken with respect to Chowaiki's goods, specifically, that "all property on the first floor" of the building where Chowaiki's artwork was stored would be "checked to ensure all items are raised off the floor," or, if necessary, the goods would be removed to empty rooms on the upper floors of defendant's storage facility. During a prior storm (Hurricane Irene), defendant's facility flooded; however, defendant had taken measures at that time to protect Chowai-

ki's goods from damage. This time, however, when the facility flooded, Chowaiki's goods were damaged, apparently because the goods were left on the first floor. Plaintiff insurer reimbursed Chowaiki for its losses and commenced this action as Chowaiki's subrogee, as the policy between plaintiff and Chowaiki did not waive plaintiff's right to subrogation against defendant. Plaintiff's complaint asserted causes of action for gross negligence, breach of bailment, negligence, breach of contract, negligent misrepresentation and fraudulent misrepresentation. In lieu of an answer, defendant moved to dismiss pursuant to CPLR 3016 (b); 3211 (a) (1), (3) and (7), asserting four grounds for dismissal: (a) that the waiver signed by Chowaiki contained both a waiver of subrogation clause and a limitation of liability, both of which barred plaintiff's claims; (b) that even if its waiver of liability was deemed to be invalid, the agreement nonetheless limited plaintiff's damages to $100,000; (c) that plaintiff's breach of bailment claim must fail because the agreement created a lessor/lessee relationship, not bailor/bailee; and (d) that Sandy was an Act of God, which, as a matter of law, excused defendant's liability.

The motion court correctly found that the agreement between Chowaiki and defendant created a bailor/bailee relationship under article 7 of the Uniform Commercial Code and that the agreement's limitation of liability was unenforceable because it purported to exempt defendant from all liability, in contravention of UCC 7-204 (2) (UCC 7-204 [b], as added by L 2014, ch 505, § 23, eff Dec. 17, 2014 [replacing UCC 7-204 (2)]).

UCC 7-204 (a) provides that a "warehouse is liable for damages for loss of or injury to the goods caused by its failure to exercise care with regard to the goods that a reasonably careful person would exercise under similar circumstances" and "is not liable for damages that could not have been avoided by the exercise of that care." UCC 7-204 (b) provides that "[d]amages may be limited by a term in the warehouse receipt or storage agreement limiting the amount of liability in case of loss or damage beyond which the warehouse is not liable." However, such limitations on liability are limited by UCC 7-202 (c), which provides that such terms must not "impair its . . . duty of care under Section 7-204. Any contrary provision is ineffective."

Here there is a question of fact concerning whether defendant, in failing to move Chowaiki's goods to either another floor, or to a location above ground level on the floor they were on, was reasonable under the circumstances. If the trier of fact finds that defendant did not act reasonably, then defendant may be liable for damages to Chowaiki's goods (*see e.g. Modelia,*

*Inc. v Rose Warehouse*, 1968 WL 9201 [Sup Ct, NY County 1968], *affd* 36 AD2d 582 [1st Dept 1971]).

However, the court erred in finding that the waiver of subrogation contained in the agreement's loss/damage waiver is enforceable and bars this action.

Provisions purporting to exempt the bailee from liability for damage to stored goods from perils against which the bailor had secured insurance, even when caused by the bailee's negligence have been held to run afoul of the statutory scheme of UCC article 7.

In *Kimberly-Clark Corp. v Lake Erie Warehouse, Div. of Lake Erie Rolling Mill* (49 AD2d 492 [4th Dept 1975], *appeal dismissed* 39 NY2d 888 [1976]), the Court found such an exculpatory clause to be invalid. In that case, the agreement between the bailee and bailor provided that the bailor "waives any and all right of recovery from [the] warehouseman for losses caused by the perils covered by fire and extended coverage insurance and caused by any other perils against which customer has insured" (*id.* at 493 [internal quotation marks omitted]). In invalidating this clause, the Court noted that while UCC 7-204 permits a warehouseman to limit the *amount* of liability, it cannot completely exempt itself from liability as imposed by UCC article 7 (*id.* at 494-495). Quoting *Modelia*, the Court stated that a warehouseman "may not contract away or lessen his responsibility except in such manner as the statute provides . . . Any other attempted exoneration or limitation would defeat the statute and must be held void" (*id.* at 495). It should be noted that the exoneration clause at issue in *Kimberley-Clark* was not as broad as the provisions in this case in that it did not contain an express waiver of subrogation clause or a requirement that the bailor obtain a waiver of subrogation from its insurer. The *Kimberley-Clark* Court did note that the implied waiver of subrogation in that case was nothing more than another attempt by defendant to exempt itself from all liability, which "would defeat the statute and must be held void" (*see Kimberly-Clark*, 49 AD2d at 495).

In view of the foregoing, we need not reach plaintiff's remaining arguments.

We have considered defendant's remaining arguments and find them unavailing. Concur—Tom, J.P., Sweeny, Andrias and Gische, JJ.